# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MEDICAL & CHIROPRACTIC CLINIC, INC., a Florida corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                 Plaintiff,<br><br>v.<br><br>KMH CARDIOLOGY CENTRES INCORPORATED, KMH MRI & HEALTHCARE CENTRES, foreign corporations, SRA VENTURES, INC. and JOHN DOES 1-10, | Case No. 8:16-cv-00644-SDM-JSS<br><br>Hon. Steven J. Merryday |

## PLAINTIFF'S AGREED MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, Medical & Chiropractic Clinic, Inc. ("Plaintiff"), on behalf of itself and a class of similarly-situated persons (identified herein as the "Class"), respectfully requests that this Court enter an order: (1) preliminarily approving the proposed class-wide Settlement Agreement attached hereto as Exhibit A (the "Agreement"); (2) approving the form of Class Notice and Claim Form attached as Exhibit 2 to the Agreement and authorizing its distribution to the Class; and (3) setting dates for opt-outs, objections, and a fairness hearing at which time final judgment can be entered. A proposed Order Preliminarily Approving Class Action Settlement and Approving Class Notice and Claim Form is attached as Exhibit 1 to the Agreement and submitted as Exhibit B to this motion. A proposed final judgment, to be entered following class notice and a final approval hearing, is attached as Exhibit 3 to the Agreement.

## I. BACKGROUND AND SUMMARY OF SETTLEMENT

1. Plaintiff's Class Action Complaint alleges that Defendants violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated by the Federal Communications Commission, by faxing advertisements that did not contain a clear and conspicuous opt-out notice that complies with the TCPA and FCC regulations.

2. Plaintiff's attorneys have investigated the relevant facts, served written discovery and taken oral discovery, and have concluded that Defendants successfully sent approximately 5,596 facsimile advertisements on or about February 10, 2016, February 11, 2016, March 4, 2016, and March 16, 2016.

3. The parties reached a class-wide settlement after reviewing and analyzing the legal and factual issues presented in this action, the risks and expenses involved in pursuing the litigation to conclusion, the likelihood of a damage award in excess of that negotiated in this settlement, the protracted nature of the litigation, and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.  The parties negotiated the Agreement in good faith and at arm's-length.

4. The key terms of the Agreement are as follows:

    (a) <u>Class Certification</u>.  The parties have stipulated to certification of a Settlement Class (the "Class"), pursuant to Federal Rules of Civil Procedure 23 for settlement purposes, consisting of:  "All persons or entities who were successfully sent one or more of the following facsimiles sent by or on behalf of Defendants:  (1) a facsimile on or about February 10, 2016, offering "3D MAMMOGRAPHY"; (2) a facsimile on or about February 11, 2016, stating "Call today to schedule your CT Cardiac Scan"; (3) a facsimile on or about March 4,

2017, stating "Call today to schedule your patients MRI"; and (4) a facsimile on or about March 16, 2016, stating "WestCoast Radiology now offers the following biopsies at all of our locations (the "Settlement Class"). Excluded from the Class shall be: (a) the Defendants and their present and former employees, agents, officers, directors, shareholders, employees, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers.

(b)     Class Representation.  The parties have further agreed, subject to court approval, that Plaintiff will be the class representative, and that Plaintiff's attorney, Ryan M. Kelly of Anderson + Wanca, will be class counsel.

(c)     Relief to the Settlement Class.  Defendants will make available a total of up to $1,350,000.00 (the "Settlement Fund") to pay class member claims on a claims made basis, to pay an incentive award to the class representative, to pay the cost of claims administration, and to pay attorneys' fees and pre-approved expenses to class counsel.  *Id.*, ¶ 5.  Each Class Member that submits a timely and valid claim form identifying itself as the owner of a fax number that received one of the faxes, will be paid a *pro rata* share of the Settlement Fund, up to $500.00 per fax advertisement received.  Given the risks associated with a trial, Plaintiff's attorneys determined that the settlement is fair, reasonable, and adequate for the Class because each Class Member who claims in will receive their full statutory damage amount.

(d)     The Settlement Administrator.  The parties have retained the services of Class-Settlement.com, a professional third-party class action

settlement administrator. Class-Settlement.com will administer the class notice, claims process, and payment of claims.

(e) <u>Class Notice</u>. Within 14 days of the Court's preliminary approval of the Settlement Agreement, the Settlement Administrator will cause the notice of the settlement ("Notice and Claim Form") to the Class by sending the Notice and Claim Form by facsimile and if transmission of the Notice by facsimile is unsuccessful after three (3) attempts, then, if possible, notice will be mailed to the Class Member at the last known address (if available) in the records of the Defendants. *Id.*, ¶ 4. The proposed Notice and Claim Form is attached as Exhibit 2 to the Settlement Agreement.

(f) <u>Class Members' Right to Opt Out</u>. Any member of the Class may request to be excluded from the Settlement Agreement and the settlement by opting out of the Class within the time period set by this Court. Any member who timely opts out of the Class shall not be bound by any prior Court order or the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement. (Exhibit 2 to the Settlement Agreement)

(g) <u>Release</u>. In consideration of the relief provided by the settlement, as detailed in the Settlement Agreement, the Settlement Class will release all claims that arise out of or relate to Defendants' transmission of advertising facsimiles sent to the Class Members. *Id.*, ¶ 12.

(h) <u>Incentive Award and Attorney's Fees and Expenses</u>. Plaintiff will receive $15,000.00 as an incentive award for serving as the class representative.

> Class Counsel will receive $450,000.00 in attorneys' fees (equal to 33 1/3 % of the Settlement Fund, plus $38,473.84 for litigation costs. Defendants shall pay Class-Settlement.com $5,380.00 for administering the class settlement.

## II. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT.

5. "Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007), *citing* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004). "At the preliminary-approval step, the Court is required to 'make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms.'" *Id., quoting* Annotated Manual for Complex Litigation § 21.632. "A proposed settlement should be preliminarily approved if it 'is within the range of possible approval or, in other words, [if] there is "probable cause" to notify the class of the proposed settlement." *Id.* (*quoting Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 855 F.Supp. 825, 827 (E.D.N.C. 1994) and *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980)). "In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement." *Id.*

6. A court may approve a settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). *See Nelson v. Mead Johnson & Johnson Co.*, 484 Fed.Appx. 429, 434 (11th Cir. 2012). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See In re Checking Account Overdraft Litig.*, 830 F.Supp.2d 1330, 1341 (S.D. Fla. 2011), *quoting In re Chicken Antitrust Litig. Am. Poultry,* 669 F.2d 228, 238 (5th Cir. 1982) (The Rule 23(e) analysis

should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement"); *Isby v., Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d at 1341, *quoting In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977).

7. The factors for consideration are: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, length and expense of further litigation; (5) opposition to the settlement; and (6) the stage of the proceedings at the time of settlement. *See Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011), *citing In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1315 (11th Cir.2009).

8. Here, consideration of these factors shows the proposed settlement is within the range of possible approval. Therefore, notice should be sent and a fairness hearing should be scheduled. Plaintiff and Defendants agree that the Settlement Class includes all persons to whom Defendants successfully sent approximately 5,596 advertisements by fax on or about February 10, 2016, February 11, 2016, March 4, 2017 and March 16, 2016.

9. Defendants have raised numerous defenses both to class certification and on the merits. Defendants claim that they had business relationship with and the consent of the majority of the class members. Defendants also contest Plaintiff's reliance upon the FCC regulations. There is a possibility that Defendants could prevail at trial and that the class would receive nothing.

10. A finding of Defendant's liability to the Settlement Class under the TCPA, with statutory damages of $500.00 per fax, would result in a damage award of approximately $2,798,000.00. The Settlement Fund here is up to $1,350,000.00, their insurance policy limits in U.S. Dollars.

11. Given the above, the recovery for the class here is well within the range of what is fair, adequate and reasonable. As noted, claiming class members will be paid a pro rata share of the Settlement Fund up to the full $500.00.

12. Further, the settlement avoids significant further litigation, which would include a contested motion for class certification, cross-motions for summary judgment, possibly a trial, and likely at least one appeal.

13. Because notice of the settlement has not yet been sent, any opposition by absent class members is unknown and can only be addressed at the final approval hearing.

14. The settlement was reached after written and oral discovery and the exchange of sufficient information detailing Defendants' faxing activities. The Parties gained an appreciation of the strengths and weaknesses of their respective cases. Based upon the foregoing as well as the judgment of experienced trial counsel, this Court should grant preliminary approval for the proposed settlement.

### III. CLASS CERTIFICATION

15. The case is certifiable as a class action for settlement purposes pursuant to Rule 23 in that:

   a. The Settlement Class consists of persons or entities who were successfully sent 5,596 advertisements via facsimile and joinder of all members is impracticable. These numbers, alone, are sufficient to meet the numerosity requirement of Rule 23.

      b.    There are questions of law and fact common to all members of the Class and those common questions predominate over any questions affecting individual members of the Class. It is not necessary that all issues be common to the class, but rather only that there be at least one common issue. *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 659 (M.D. Fla. 2015). Some of these common questions are, *inter alia*:

          i.   Whether the facsimiles sent by or on behalf of the Defendants constituted advertisements as defined by the TCPA;

          ii.   Whether Defendants' conduct, as alleged, violated the TCPA; and

          iii.   Whether Plaintiff and the Class members are entitled to statutory damages under the TCPA.

      c.    Plaintiff's claims are typical of the claims of the members of the Class. "The claim of a class representative is typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Id.* At 660, *quoting Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356-57 (11th Cir. 2009). Plaintiff alleged that it and the other Class members were sent Defendants' unsolicited fax advertisements. Here, Plaintiff's claims are identical to the claims of the Class. Further, all claims alleged by Plaintiff were made in a representative capacity for the benefit of the class Plaintiff seeks to represent. Therefore, the Class meets the requirements of typicality.

      d.    Plaintiff (the class representative) will fairly and adequately protect the interests of the Settlement Class. Pursuant to Rule 23(a)(4), Plaintiff is a member of the

class it seeks to represent and Plaintiff and class counsel have and will fairly and adequately protect the interests of the members of the Class. Plaintiff has vigorously pursued this litigation through qualified counsel and has sufficient understanding of its role as class representative. Plaintiff's counsel have been certified as Class counsel in numerous other TCPA cases. The settlement on behalf of the Class confers substantial benefits on the Class members. Therefore, the Class meets the requirements of 23(a)(4) and Plaintiff and its counsel are adequate representatives.

16. Further, within the meaning of Rule 26(b)(3), the questions of law or fact common to the class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23(b)(3), the class action procedure is superior to other available methods for the fair and efficient adjudication of this litigation. The alternatives, of course, to the class action procedure, are a multiplicity of identical individual suits which would strain the Middle District of Florida's judicial resources and wholesale intervention of all the parties which would be impracticable. The interest of members of the Class in individually controlling the prosecution of separate actions is not likely to be a grave concern due to the nature of the alleged wrong and the value of each class members' potential damages. No evidence has been presented of other lawsuits of this nature against the Defendants and, therefore, the lack of any other litigation concerning the controversy does not prevent certification. Any difficulties likely to be encountered in the management of this case are not insurmountable. Therefore, the elements of Rule 23(b)(3) are satisfied.

17. This action is certifiable as a class action for purposes of settlement only with the Class being:

> All persons or entities who were successfully sent one or more of the following facsimiles sent by or on behalf of Defendants: (1) a facsimile on or about February 10, 2016, offering "3D MAMMOGRAPHY"; (2) a facsimile on or about February 11, 2016, stating "Call today to schedule your CT Cardiac Scan"; (3) a facsimile on or about March 4, 2017, stating "Call today to schedule your patients MRI"; and (4) a facsimile on or about March 16, 2016, stating "WestCoast Radiology now offers the following biopsies at all of our locations (the "Settlement Class").

18. Plaintiff asks the Court to appoint it as Class Representative, and to appoint Ryan M. Kelly of Anderson + Wanca as Class Counsel.

### III.   THE COURT SHOULD APPROVE NOTICE TO THE SETTLEMENT CLASS.

19. The parties propose to issue notice by faxing the Class Notice to each member of the Class, and if faxing is unsuccessful then by mailing. A copy of the proposed Notice and Claim Form is attached as Exhibit 2 to the Agreement.

20. Under federal law, notice of the settlement must satisfy due process. *Mayer v. Zapata Corp.*, 714 F.2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F.2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

21. Rule 23(C)(2)(B) requires that the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, the notice will be directly sent to the class members by facsimile and, if unsuccessful, by mail. Also, the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from

the class any members who request exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Here, the proposed Notice and Claim Form satisfies all of these requirements.

22. Finally, Rule 23(e)(1) provides that notice should be given in "a reasonable manner." The parties have agreed to a reasonable manner of notice; facsimile to the fax numbers in question and if unsuccessful, by mail.

23. In conclusion, the proposed Notice and Claim Form meets the legal standards for appropriate notice and satisfies Rule 23. Accordingly, the Court should approve the proposed Notice and Claim Form and authorize its dissemination to the Settlement Class.

**IV. THE COURT SHOULD SCHEDULE A FINAL FAIRNESS HEARING.**

24. Plaintiff requests that the Court schedule a final fairness hearing to determine whether the settlement should be approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the Agreement.

**V. CONCLUSION.**

WHEREFORE, Plaintiff, Medical & Chiropractic Clinic, Inc., respectfully requests that this Court enter a preliminary approval order in the form attached as Exhibit 1 to the Agreement (and Exhibit B hereto), granting preliminary approval of the proposed settlement, directing that the members of the Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing.

Dated: May 2, 2017                         Respectfully submitted,

                                           By: /s/ Ryan M. Kelly
                                               Ryan M. Kelly – FL Bar No.: 90110

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
rkelly@andersonwanca.com

*Counsel for Medical & Chiropractic Clinic, Inc.,
On behalf of itself and the Settlement Class*

## CERTIFICATE OF SERVICE

  I hereby certify that on May 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                /s/ Ryan M. Kelly