UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL & CHIROPRACTIC CLINIC,
INC.,

    Plaintiff,

v.                                          Case No: 8:16-cv-644-T-23JSS

KMH CARDIOLOGY CENTRES
INCORPORATED, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion for Class Certification ("Certification Motion") (Dkt. 60), Defendants' response in opposition (Dkt. 66), Plaintiff's reply (Dkt. 73), and Plaintiff's Agreed Motion for Preliminary Approval of Class Action Settlement ("Agreed Motion") (Dkt. 79).[1] For the reasons that follow, the Court recommends granting the Agreed Motion (Dkt. 79) and conditionally certifying the class for settlement purposes.

## **BACKGROUND**

On behalf of itself and others similarly situated, Plaintiff sues Defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as amended by the Junk Fax Prevention Act of 2005, JUNK FAX PREVENTION ACT OF 2005, PL 109–21, July 9, 2005, 119 Stat 359. (Dkt. 5.) Plaintiff alleges that on February 10 and 11, 2016, Defendants sent it unsolicited faxes. (Dkt. 5 ¶ 12.)

---

[1] The motions were referred to the undersigned for a report and recommendation. (Dkt. 80.)

In the Certification Motion, Plaintiff contends that Defendants sent unsolicited faxes on February 10 and 11, 2016, and March 4 and 16, 2016, to Plaintiff and the proposed class members.[2] Plaintiff seeks certification of the following class:

> All persons sent one or more of the following facsimiles from "KMH Cardiology & Diagnostic Centres" or WestCoast Radiology, a division of KMH: (1) a facsimile on or about February 10, 2016, offering "3D MAMMOGRAPHY"; (2) a facsimile on or about February 11, 2016, stating "Call today to schedule your CT Cardiac Scan"; (3) a facsimile on or about March 4, 2016, stating "Call today to schedule your patients MRI"; and (4) a facsimile on or about March 16, 2016, stating "WestCoast Radiology now offers the following biopsies at all of our locations."

(Dkt. 60 ¶ 5.)

After Plaintiff filed the Certification Motion, the parties reached a mediated settlement of Plaintiff's claims. (Dkt. 75.) In light of the settlement, Plaintiff filed the Agreed Motion, seeking the Court's preliminary approval of the parties' class-wide settlement agreement ("Agreement"). (Dkts. 79, 79-1.) Specifically, Plaintiff requests an order: (1) preliminarily approving the Agreement; (2) approving the proposed class notice and claim forms, which are attached as an exhibit to the Agreement, and authorizing their distribution to the class; and (3) establishing a schedule for final confirmation of the class action settlement, including dates for opt-outs, objections, and a fairness hearing. (Dkt. 79.)

For purposes of settlement, in the Agreement, the parties agree to the following definition of the settlement class:

> All persons or entities who were successfully sent one or more of the following facsimiles sent by or on behalf of Defendants: (1) a facsimile on or about February 10, 2016, offering "3D MAMMOGRAPHY"; (2) a facsimile on or about February 11, 2016, stating "Call today to schedule your CT Cardiac Scan"; (3) a facsimile on or about March 4, 2017 [sic], stating "Call today to schedule your patients MRI"; and (4) a facsimile on or about March 16, 2016, stating "Westcoast Radiology now offers the following biopsies at all of our locations.

---

[2] The Court denied Plaintiff's motion for leave to file a second amended complaint, which sought to add allegations regarding the March 2016 faxes. (Dkts. 59, 69.)

("Settlement Class") (Dkt. 79-1 ¶ 3.). Excluded from the Settlement Class are: (1) Defendants, and their present and former employees, agents, officers, directors, shareholders, employees, insurers, and their successors, heirs, assigns, and legal representatives; and (2) the Court and its officers. (*Id.*)

## ANALYSIS

### I. Preliminary Approval of the Agreement

Plaintiff seeks preliminary approval of the Agreement. (Dkt. 79.) "At the preliminary-approval step, the Court is required to make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Fresco v. Auto Data Direct, Inc.*, No. 0361063CIV-MARTINEZ, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007) (internal quotations omitted); *see Pierre-Val v. Buccaneers Ltd. P'ship*, No. 8:14-CV-01182-CEH, 2015 WL 3776918, at *1 (M.D. Fla. June 17, 2015) ("Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.").

A settlement must be "fair, adequate and reasonable," and "not the product of collusion between the parties" to be approved. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (internal quotations omitted). In evaluating fairness, a court considers: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Id.*

Here, the Agreement is not the product of fraud or collusion but instead is the product of the parties' arm's-length negotiations aided by formal mediation. The parties began mediation on August 17, 2016, which was adjourned and continued in September 2016, resulting in an impasse. (Dkts. 55, 64.) The parties again participated in mediation in February 2017, during which they reached the settlement. (Dkt. 75.) Further, evaluating the likelihood of success at trial supports preliminary approval of the Agreement because Defendants assert numerous defenses to Plaintiff's claims, including that the faxes were not unsolicited because of their business relationships with the Settlement Class members. (Dkt. 24.) Therefore, "because success at trial is not certain for Plaintiff, this factor weighs in favor of accepting the settlement." *Burrows v. Purchasing Power, LLC*, No. 1: 12-CV-22800, 2013 WL 10167232, at *6 (S.D. Fla. Oct. 7, 2013).

As to the range of possible recovery, Plaintiff explains that a finding of Defendants' liability for sending 5,596 violative faxes at $500 per violation could result in an award of $2,798,000. (Dkt. 79 ¶ 10.) Therefore, potential recovery could range from zero to nearly three million dollars class-wide. Defendants' agreement to make up to $1,350,000 available to settle the claims in this case ("Settlement Fund") is within the range of the potential recovery. (Dkt. 79-1 ¶ 5.) Considering that Settlement Class members will be paid their respective pro rata share of the Settlement Fund up to the statutory amount of $500 per fax advertisement received (Dkt. 79-1 ¶ 7), the settlement is fair, adequate, and reasonable. Specifically, as explained in Plaintiff's proposed notice form, members of the Settlement Class who submit timely claims forms "will be mailed a check for their pro rata share of the Settlement Fund, less attorney's fees, expenses, and incentive payment, of up to $500.00 per fax." (Dkt. 79-1, Ex. 2.) Thus, Settlement Class members who submit timely claims will be paid $500 per fax received, subject only to a pro rata reduction in the event that the claims and expenses exceed the Settlement Fund.

Further, trying this case would be lengthy and expensive and could result in appeals. Thus, considerations of the complexity, expense, and duration of the litigation in conjunction with the stage at which settlement was achieved support preliminary approval of the Agreement. *See Fresco*, 2007 WL 2330895, at *6 ("Were this matter to continue, numerous, complex issues of law would have to be resolved at the cost of considerable time and expense to the parties and the Court."); *Estate of Dolby ex rel. Koenig v. Butler & Hosch, P.A.*, No. 803CV2246T23TGW, 2006 WL 2474062, at *6 (M.D. Fla. Aug. 25, 2006) ("The proposed settlement is occurring early enough in the litigation that significant litigation fees and costs will be avoided, but not so early that counsel lacked sufficient information to make an informed decision."). Finally, the amount of opposition to the Agreement is not applicable because notice of the Agreement has not yet been provided to the Settlement Class members. *See Estate of Dolby*, 2006 WL 2474062, at *6.

Accordingly, the Court recommends the preliminary approval of the Agreement. For the reasons that follow, the Court further recommends that the Settlement Class, as defined in the Agreement and herein, be conditionally certified for settlement purposes.

**II.  Conditional Class Certification**

"Although the parties have consented to certification of a settlement class in this case, the Court must independently determine whether this case meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b), even if the certification is only for settlement purposes." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 676 (S.D. Fla. Oct. 30, 2006); *Holman v. Student Loan Xpress, Inc.*, No. 8:08-CV-305-T23MAP, 2009 WL 4015573, at *2 (M.D. Fla. Nov. 19, 2009) (Merryday, J.). The requirements for bringing suit as a class set forth in Federal Rule of Civil Procedure 23 must be satisfied. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 622 (1997) ("Federal courts, in any case, lack authority to substitute for Rule 23's

certification criteria a standard never adopted—that if a settlement is 'fair,' then certification is proper."); Fed. R. Civ. P. 23(c) advisory committee's note to 2003 amendment ("The provision that a class certification 'may be conditional' is deleted. A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met.").

Plaintiff bears the burden of establishing that the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). To sue as a class, the following requirements of Rule 23(a) must be met:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (internal quotations and citations omitted). Commonality requires "issues that are susceptible to class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001); *Holman*, 2009 WL 4015573, at *2 (internal quotations and citations omitted) ("Commonality is satisfied by the existence of at least one issue affecting all or a significant number of proposed class members."). Typicality is shown when a "sufficient nexus exists between the claims of the named representatives and those of the class at large," *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000), which is established "if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory," *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). The final requirement, adequate and fair representation, "involves questions of whether plaintiffs' counsel are qualified, experienced, and

generally able to conduct the proposed litigation, and of whether plaintiffs have interests antagonistic to those of the rest of the class." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).

The Court recommends that the Settlement Class be found to satisfy the requirements of Rule 23(a). First, however, it must be noted that the parties appear to have made a typographical error in their description of the third fax in the Settlement Class definition. (Dkt. 79-1 ¶ 3.) The fax is described as stating "Call today to schedule your patients MRI," and as being sent "on or about March 4, *2017*." (*Id.*) (emphasis added.) This fax, however, appears to have been sent in 2016, not 2017 according to the fax copies filed with the Court and the Certification Motion. (See Dkts. 60, 60-2) With this correction, the Court recommends that the Settlement Class be conditionally certified for settlement purposes for the reasons that follow.

Plaintiff asserts that Defendants successfully sent 5,596 faxes to 1,805 unique fax numbers in February and March 2016. (Dkt. 60 ¶ 4; Dkt. 79-1 at 1.) The numerosity requirement of Rule 23(a)(1) is satisfied by the impracticability of joinder of potentially 1,805 plaintiffs. (See Dkt. 60-4 ¶¶ 1, 18, 53.) Next, commonality is satisfied because there is "at least one issue whose resolution will affect all or a significant number of the putative class members." *See Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotations omitted). Here, Plaintiff alleges that Defendants sent it, and the Settlement Class members, unsolicited faxes in violation of the TCPA. (Dkt. 5 ¶¶ 12–17; Dkt. 60-7 ¶ 4.) As Plaintiff argues, some of the issues common to the Settlement Class are "[w]hether the facsimiles sent by or on behalf of the Defendants constituted advertisements as defined by the TCPA"; "[w]hether Defendants' conduct, as alleged, violated the TCPA"; and "[w]hether Plaintiff and the [Settlement] Class members are entitled to

statutory damages under the TCPA." (Dkt. 79 at 8.) Resolution of any one of these issues can be resolved as to the entire Settlement Class.

Further, typicality is shown because Plaintiff possesses "the same interest and suffer[s] the same injury as the [Settlement Class] members." *See Murray*, 244 F.3d at 811. Here, the alleged harm to the Plaintiff is the same as the alleged harm suffered by the Settlement Class members— they received the same unsolicited faxes from Defendants on specific dates in violation of the TCPA. "[T]here is no variation in legal theory" between Plaintiff's claims and the claims of the Settlement Class. *See Kornberg*, 741 F.2d at 1337.

Finally, both components of the final requirement of Rule 23(a) are met. First, Plaintiff, as class representative, does not have interests antagonistic to the class. Rather, its interests align with the interests of the Settlement Class because Plaintiff and the Settlement Class seek redress of the same alleged wrong. *See Fresco*, 2007 WL 2330895, at *2 (finding the first prong of the adequacy requirement satisfied because "[b]oth the Named Plaintiffs and the settlement class members share the common interest of protecting their [ ] information," and "[e]ach settlement class member will benefit from the injunctive relief that will be provided by the proposed settlement"). Further, although Plaintiff will receive an incentive award (Dkt. 79-1 ¶ 9), "the incentive award is not to compensate [Plaintiff] for damages but to reward [it] for [its] efforts on behalf of the Settlement Class." *Burrows*, 2013 WL 10167232, at *4. As to the second prong, Plaintiff's counsel understands the claims in this case and possesses class action experience. (See Dkt. 60-9.)

In addition to meeting the requirements of Rule 23(a), Plaintiff must also satisfy one of the subparts of Rule 23(b). Fed. R. Civ. P. 23(b). Plaintiff contends that the requirements of Rule 23(b)(3) are met, which requires that the court find "that the questions of law or fact common to

class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* at 23(b)(3); *Amchem*, 521 U.S. at 623 (explaining that the "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation"). Courts consider factors such as "the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). Here, given the nature of the alleged wrong and the value of each Settlement Class member's potential damages, there is no strong interest in each member bringing a separate action. Further, no evidence has been presented of other litigation brought by the Settlement Class members. The members of the Settlement Class suffered the same alleged injury and seek relief under the same legal theory; thus, "[a]s a practical matter, requiring multiple actions by each [Settlement Class member] would be financially burdensome and judicially inefficient." *Holman*, 2009 WL 4015573, at *3.

Accordingly, the Court recommends that the Settlement Class, as defined herein, be conditionally certified for settlement purposes. Additionally, upon consideration of the factors set forth in Rule 23(g)(1), the Court recommends that Ryan M. Kelly of Anderson + Wanca be appointed as class counsel ("Class Counsel"), Fed R. Civ. P. 23(c)(1)(B), and Plaintiff Medical & Chiropractic Clinic, Inc. be appointed as the class representative.

### III. Class Notice and Claim Forms

Rule 23(e), governing the settlement of class claims, requires that the court "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ.

P. 23(e)(1). For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* at 23(c)(2)(B). The notice must state, "clearly and concisely" and "in plain, easily understood language," the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

*Id.*

Plaintiff proposes to provide notice of the Agreement to the Settlement Class by fax; if, after three attempts, the faxes fail, Plaintiff will mail the notice to the last known address of the Settlement Class member, as maintained in Defendants' records. (Dkt. 79-1 ¶ 4.) This proposed method of providing notice is reasonable. Upon review of the proposed form of notice ("Notice") (Dkt. 79-1, Ex. 2), two portions of Rule 23(c)(2)(B) are missing: a statement "that a class member may enter an appearance through an attorney if the member so desires," and a statement of "the binding effect of a class judgment on members under Rule 23(c)(3)." Although sections D.2 and D.3 explain the possibility of being bound by a judgment based on different courses of action, it is recommended that the binding effect of a judgment be added to section D.1 of the Notice, which explains a recipient's option to return a claim form. (See Dkt. 79-1, Ex. 2 ¶ D.) A statement regarding the class members' ability to enter an appearance through an attorney should be added to section D, which advises recipients of their options. With the addition of these statements to the Notice, it is recommended that the Notice be approved.

It is also recommended that the proposed claim form ("Claim Form") (Dkt. 79-1, Ex. 2), be approved. *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 696 (S.D. Fla. 2014) (explaining that courts "have required claims forms to be submitted by class members").

**IV.    Final Confirmation Schedule**

Finally, the Court recommends that the following proposed schedule (as set forth in the Agreement, Dkt. 79-1, and the proposed order, Dkt. 79-2) be adopted:

1. The parties revise the Notice to the Settlement Class in accordance with Fed. R. Civ. P. 23(c)(2)(B) as explained herein and submit the revised Notice for review and approval by the Court within fourteen (14) days.

2. The approved Notice and Claim Form be sent to the Settlement Class members by the Settlement Administrator (as defined in the Agreement) within fourteen (14) days from the date the Court enters an order on the Agreed Motion.

3. Settlement Class members be given sixty (60) days from the date the Notice and Claim Form is sent to submit written claims.

4. Settlement Class members be given forty-five (45) days from the date the Notice and Claim Form is sent to submit written requests to opt-out of the Agreement to Class Counsel and counsel for Defendants, or be forever barred.

5. Settlement Class members be given forty-five (45) days from the date the Notice and Claim Form is sent to file objections and motions to intervene with the Clerk of Court and served on Class Counsel and counsel for Defendants.

6. A final fairness hearing be held before the Honorable Steven D. Merryday, and Plaintiff be required to file a motion for final approval of the Agreement no later than fifteen (15) days before the final fairness hearing.

Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Agreed Motion for Preliminary Approval of Class Action Settlement (Dkt. 79) be **GRANTED**, and Plaintiff's Motion for Class Certification (Dkt. 60) be **DENIED** without prejudice.[3]

2. Medical & Chiropractic Clinic, Inc. be appointed as the class representative and Ryan M. Kelly of Anderson + Wanca be appointed as class counsel. *See* Fed. R. Civ. P. 23(c)(1)(B), (g).

3. The Notice and Claim Form be approved to the extent provided herein.

4. The proposed schedule described herein be approved and adopted.

**IT IS SO REPORTED** in Tampa, Florida, on June 1, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[3] The Certification Motion is denied without prejudice to Plaintiff to refile the motion if final approval of the settlement is not granted. *See generally Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 659 (7th Cir. 2004) (explaining that after approval of a class settlement was reversed on appeal and the settlement was not approved on remand, "[t]he proceedings continued in the district court," and the district court undertook the class certification analysis); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 786 (3d Cir. 1995) (discussing class action settlements and stating that "[b]y specifying certification for settlement purposes only . . . the court preserves the defendant's ability to contest certification should the settlement fall apart").

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record