UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL & CHIROPRACTIC
CLINIC, INC.,

    Plaintiff,

v.                                      CASE NO. 8:16-cv-644-T-23JSS

KMH CARDIOLOGY
CENTRES INCORPORATED, et al.,

    Defendants.
_____/

## **ORDER**

    In this TCPA class action, the defendants allegedly sent a total of 5,596 unsolicited faxes to 1,805 recipients in Florida. According to the plaintiff, each fax lacks an "opt-out" notice required by TCPA regulations. A June 26, 2017 order (Doc. 84) conditionally certifies a settlement-only class that comprises:

> All persons or entities who were successfully sent one or more
> of the following facsimiles sent by or on behalf of Defendants:
> (1) a facsimile on or about February 10, 2016, offering "3D
> MAMMOGRAPHY"; (2) a facsimile on or about February 11,
> 2016, stating "Call today to schedule your CT Cardiac Scan";
> (3) a facsimile on or about March 4, 2016, stating "Call today
> to schedule your patients MRI"; and (4) a facsimile on or about
> March 16, 2016, stating "WestCoast Radiology now offers the
> following biopsies at all of our locations."

(Doc. 81 at 2, the report and recommendation adopted by the June 26 order) The June 26 order preliminarily approves a $1,350,000 settlement and directs the parties to notify the class about the settlement. The plaintiff submits a memorandum

(Doc. 89) in support of final approval and requests an attorney's fee of $450,000. At the November 17, 2017 fairness hearing, no class member objected to the settlement.

## DISCUSSION

A class settlement commends approval if fair, adequate, and reasonable. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (identifying the six factors relevant to a settlement's fairness, adequacy, and reasonableness). Also, the settlement must not result from collusion between the defendant and the class counsel or the class representative. *Bennett*, 737 F.2d at 986. James Murphy, an experienced mediator certified in the Middle District of Florida, mediated the dispute, and the record reveals no collusion between the parties.

The application of *Bennett* shows a fair, adequate, and reasonable settlement. Denying a TCPA violation, the defendants assert that an established relation with each recipient permitted the defendants to lawfully send each fax. If the TCPA claim survived a motion for summary judgment, a trial likely would require presenting several thousand documents about the defendants' relation with the recipients. If the plaintiff succeeded at trial, the inevitable appeal would prolong the resolution of this action until at least 2019. Under the settlement, each class member who submits a claim receives between $241.24 and the statutory maximum of $500 per violation.[1] The settlement achieves a commendable result for the class but avoids protracted litigation. No class member objects to the settlement, and one of the 1,805 class

---

[1] The per-capita recovery likely depends on the number of class members who submit a claim. The memorandum in support of final approval fails to identify the number of claimants.

members opts out of the class.[2] Finally, class counsel's opinion (informed by discovery in this action and by experience litigating TCPA class actions) favors approval. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) ("[T]he trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.").

Class counsel requests an award of $450,000, which equals 33.33% of the settlement. *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), suggests a "benchmark" award for class counsel of 25% in a "common-fund" settlement. Departure from the 25% benchmark depends on the application of the *Johnson* factors, the "time required to reach a settlement," the opposition to the settlement, and the "economics involved in prosecuting a class action." *Camden I*, 946 F.2d at 775 (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)). Although the memorandum in support of the attorney's fee discusses *Johnson*, class counsel submits no evidence to substantiate the argument in the memorandum. For example, class counsel submits no billing record or affidavit to show the time reasonably expended litigating this action. Also, several *Johnson* and *Camden* factors counsel against an award greater than the 25% benchmark. Class counsel's "work product" warrants no deviation from the typical award.[3] And the action resolved

---

[2] Raveling Chiropractic Center P.A. in Dunedin, Florida. (Doc. 89-3) The dismissal with prejudice of this action is inapplicable to Raveling.

[3] Replete with conclusory assertions but lacking in helpful details (for example, the number of claimants), the memorandum in support of final approval exemplifies the quality of class counsel's "work product" in this action.

- 3 -

relatively quickly; fourteen months elapsed between the complaint and the settlement.

Conversely, several *Johnson* and *Camden* factors favor a larger-than-normal attorney's fee. After accepting the action on contingency, class counsel secured a commendable result for the class, which result explains the absence of opposition. In this circumstance, an award of 30% (or $405,000) appropriately compensates class counsel. *See Camden*, 946 F.2d at 774 (observing that "the majority of common fund fee awards fall between 20% to 30% of the fund"). Finally, the requests for a $15,000 award for the class representative, for $5,380 to compensate the class administrator, and for $38,473.84 in expenses warrant approval.

## CONCLUSION

The settlement is **APPROVED**, and the action is **DISMISSED WITH PREJUDICE**. Also, an attorney's fee of $405,000 is **APPROVED**. Additionally, the unopposed motion (Doc. 91) to dismiss the claims against "John Does 1–10" is **GRANTED**, and the claims against the unknown defendants are **DISMISSED**. Jurisdiction is retained until November 17, 2018, to ensure the implementation of the settlement. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on November 17, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE